[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 12, 2012
JOHN LEY
CLERK

No. 11-14344
Non-Argument Calendar

D. C. Docket No. 3:10-cv-00289-RS-EMT

KENNETH JEROME SILER,

Plaintiff-Appellant,

versus

JOSEPH FLOYD, Officer of the Crestview
Florida Police Department,
BRIAN MITCHELL,
Chief of the Crestview Florida Police Department,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Florida

(April 12, 2012)

Before TJOFLAT, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

This is a suit by Kenneth Jerome Siler against an officer of the Crestview (Florida) Police Department, Joseph Floyd, and the Department's Chief of Police, Brian Mitchell. The suit stems from two police citizen encounters, one occurring on April 29, 2008, the other on August 28, 2008. The first encounter resulted in Siler's arrest for obstruction, because Siler would not move his truck after Floyd instructed him to do so several times and threatened him with arrest if he refused. To avoid prosecution, Siler entered into a Deferred Prosecution Agreement with the State Attorney. The second encounter occurred when Siler refused to obey Floyd's instruction to move away from an ambulance and those attending to an injured person. As the district court stated in the order (granting summary judgment) before us for review, after Siler refused to leave the scene, "Floyd placed his hand on [Siler's] chest to make him back away, and [Siler] pushed [Floyd's] hand away. [Floyd] then tried to place [Siler] under arrest for battery on a police officer. When [Siler] protested, [Floyd] threatened to use a taser and also arrest [Siler] for resisting arrest. [Siler] was then arrested." Order of August 26, 2011 ("Order").

Siler's complaint against Floyd and Mitchell contains seven counts, six of which are before us in this appeal (one Count, Count IV, was dismissed). Count I

2

alleges that Floyd used excessive force in arresting Siler on August 28, in violation of the Fourth and Fourteenth Amendments. Counts II and III allege that Floyd arrested Siler on April 29, 2008 without arguable probable cause and therefore denied him due process of law. Count V, a state law claim, alleges that Floyd's hand on Siler's chest (on August 28) constituted battery under Fla. Stat. 784.03. Counts VI and VII, also state law claims, allege that, on August 28, Floyd subjected Siler to battery and false imprisonment (Count VI) and malicious prosecution (Count VII). Floyd and Mitchell answered Siler's complaint, denying liability. In responding to Count I, Floyd interposed the affirmative defense of qualified immunity.

Following discovery, the defendants moved the district court for summary judgment. The court granted their motion, *see* Order, and entered a final judgment in favor of the defendants on all claims. Siler appeals, contending that material issues of fact precluded the entry of summary judgment on Counts I, II, III, V, VI and VII. We disagree. For the reasons the district court stated in its Order, we find no merit in any of these claims and therefore affirm the court's judgment.

SO ORDERED.

3